BAQUERO ET AL., APPELLANTS, *v.* THE REGISTRAR OF PROPERTY, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1, Refusing to Record the Cancellation of a Mortgage.

No. 208.—Decided January 21, 1915.

CANCELLATION OF MORTGAGE—EXPRESS POWER.—An attorney in fact requires express power in order to cancel a mortgage.

POWER OF ATTORNEY—CONSTRUCTION—EXPRESS POWER.—Powers of attorney must be strictly construed, and when the law requires that an agent must have express powers from his principal in order to perform certain acts, the kind of acts he is expressly empowered to perform must be stated in the power of attorney. .

ID.—REFERENCE.—Powers of attorney must be drawn up in such terms as to show the powers conferred upon the attorneys in fact without having to refer to another document or to a statute in order to ascertain what they are, therefore a clause stating that the powers enumerated in section 1615 of the Civil Code are granted is not sufficient.

ID.—EXPRESS POWER—ACT OF STRICT OWNERSHIP.—When the statute requires that express power must be given in order to compromise, alienate, mortgage or execute any other act of strict ownership, the same words must be used in the power of attorney.

The facts are stated in the opinion.

*Mr. Antonio Sarmiento* for the appellants.

Mr. José S. Belaval, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In a public instrument Antonio Sarmiento y Porras, as attorney in fact of Amalia Vahamonde, widow of Pérez, acknowledged that he had received from the spouses Aurora Baquero and Antonio González a certain sum of money which they owed to his principal, executing a release and cancellation of the mortgage securing the debt and agreeing that the record thereof in the registry of property should be canceled.

The said instrument, together with his power of attorney, having been presented in the Registry of Property of San Juan, Section 1, the registrar refused to record the cancellation on the ground that the attorney in fact "lacks the express powers required by section 1615 of the Civil Code to collect the debt and cancel the mortgage." The spouses Baquero and González duly interposed an appeal from the said decision praying for the reversal thereof.

The powers conferred upon attorney in fact Antonio Sarmiento pertinent to the question under consideration are set out below:

"1. That she confers as full and complete power as the law allows upon Antonio Sarmiento y Porras, attorney-at-law and resident of San Juan, of this Island of Porto Rico, to act in her name and stead in all and every act in civil life in which one person may be substituted for another, so that everything the said Antonio Sarmiento

may do in her name shall be considered as done by the principal in any of the capacities in which she appears herein.

"2. That in like manner she grants to the said Antonio Sarmiento y Porras express power in her name or as the lawful mother of and representing her said children, Adrián and Isabel Pérez Vahamonde, for all acts for which section 1615 of the Revised Civil Code of Porto Rico requires a power of attorney of this kind."

Therefore, we see that not only was he authorized to perform all those acts in civil life in which one person may be substituted for another, but was also granted express power for the acts for which section 1615 of the Civil Code requires this kind of power of attorney; and as the registrar denies that he has the express powers required by the said section, the question to be decided is whether express authority is necessary to cancel a mortgage and whether the above clauses of the power of attorney conferred such express authority.

The provision of the Civil Code in controversy reads as follows:

"Section 1615.—An agency stated in general terms only includes acts of administration.

"In order to compromise, alienate, mortgage, or to execute any other act of strict ownership an express commission is required.

"The power to compromise does not give authority to place the matter in the hands of arbitrators or amicable compromisers."

According to this statute, an attorney in fact requires express power to execute, among other things, any act of strict ownership, and the cancellation of a mortgage is of this character, as we said in the cases of *Benítez Hermanos v. Registrar of Property,* 17 P. R. R., 221, and *García v. Garzot,* 18 P. R. R., 835, where we said, "The cancellation of a mortgage constitutes a real act of alienation, because the creditor thereby relinquishes a real right which belongs to him, therefore it cannot be accomplished without express commission therefor." The decisions of the General Direc-

torate of Registries of Spain of November 8, 1878, July 19, 1879, September 24, 1891, and of June 18, 1893, are based on the same principle.

In view of the foregoing let us now see whether the attorney in fact is expressly authorized to perform acts of strict ownership, among which is included the cancellation of a mortgage.

The rule of law that powers of attorney must be strictly construed is so well known that it is unnecessary to cite our decisions. As a consequence, when the law provides in the section under consideration that an agent must receive express powers from his principal in order to perform certain acts, the kind of acts he is expressly empowered to perform must be stated in the power of attorney, and a grant of authority making reference to the cases included in a particular statute will not suffice. The power of attorney must be drawn up in such terms as to show the powers conferred upon the attorney in fact without having to refer to another document or to a statute to ascertain what they are. As we said in the case of *Audreu* v. *The Registrar of Property,* 20 P. R. R., 396, "The words of the power of attorney must be construed as they would be understood by a person of ordinary experience making it." When the legislators have required that express power must be given in order to compromise, alienate, mortgage, or execute any other act of strict ownership, the same words must be used in the power of attorney, pursuant to the doctrine laid down in the case of *Successors of Andreu, supra,* and cited in the case of *Méndez* v. *Celis,* 20 P. R. R., 493.

The registrar acted correctly in refusing to record the cancellation of the mortgage and his decision should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.